United States District Court
Southern District of Texas
**ENTERED**
November 21, 2017
David J. Bradley, Clerk

United States District Court
Southern District of Texas
FILED
NOV 21 2017
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAAF ATRACH<br>Petitioner | § § § § | |
| vs. | § | CIVIL ACTION NO. M-15-525 |
| WARDEN S. YOUNG<br>Respondent | § § § § | |

## REPORT & RECOMMENDATION

Petitioner, proceeding pro so, has moved for permission to proceed *in forma pauperis* ("IFP") and tendered a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. Entry Nos. 1–2.) This case was transferred in from the Eastern District of Texas. (Dkt. Entry Nos. 3–4.) This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

After a review of the record and relevant law, the undersigned respectfully recommends that Petitioner's IFP application and petition under § 2241 be **DISMISSED** without prejudice for want of prosecution and for failure to comply with the local rules. It is further recommended that this miscellaneous action be closed.

### I. Background

At the time Petitioner filed his IFP application and § 2241 petition, he was in a Bureau of Prisons' ("BOP") facility serving a sentence for a federal drug offense. This Court presided over Petitioner's criminal proceeding in criminal action number M-11-599. This Court originally sentenced Petitioner to a term of 70 months, but, on March 16, 2015, this Court reduced the sentence

1

to 57 months pursuant to 18 U.S.C. § 3582(c)(2), based on changes to the Guideline sentencing range. (M-11-599, Crim. Dkt. Entry No. 101.)

Petitioner filed this § 2241 petition a few months later in October 2015. In his habeas petition, Petitioner complains that the McAllen Police Department requested that a detainer be placed on Petitioner in relation to a third degree felony theft charge filed in the McAllen Municipal Court. (Dkt. Entry No. 1-1 at 1–2.) Petitioner asserts that he is innocent of the charge and that the victim associated with the offense does not want to press charges. (Dkt. Entry No. 1 at 6.) Petitioner alleges that the detainer will extend the duration of his confinement in BOP custody (*e.g.*, rendering him ineligible for home detention or early release from federal custody). (*Id.* at 6–7.) He states that he has exhausted all of his remedies, but the officials have not helped or responded to him; and, he asserts that two attorneys have told him he has no legal recourse in the matter. (*Id.* at 6.) Petitioner asks this Court to remove the detainer. (*Id.*)

Since filing this habeas action, Petitioner has not communicated with this Court or the transferring court. The BOP website reflects that Petitioner was released from custody on June 9, 2016. Petitioner has not provided a current address to the Clerk of the Court. Rather, the current address on file is the Texarkana Federal Correctional Institution. The undersigned notes that Petitioner is still serving his federal term of supervised release, but there has been no activity on the criminal docket. Petitioner does not appear to be in State custody, as an "offender search" on the Texas Department of Criminal Justice website yields no results for Petitioner.

## II. Applicable Law & Analysis

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent

authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)); *see* FED. R. CIV. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

The undersigned recommends that this § 2241 action be dismissed for want of prosecution and failure to comply with the local rules. The combination of Petitioner's lack of communication since the day he filed this action two years ago and his failure to maintain a current address as required by the local rules provides an adequate basis for dismissal of Petitioner's petition without prejudice for want of prosecution and for failure to comply with the Court's local rules.[1] Moreover, a sanction less drastic than dismissal is futile at this point because Petitioner has not provided a current address, despite his release from prison, so his whereabouts are unknown.

### III. Conclusion

#### *Recommended Disposition*

After a review of the record and relevant law, the undersigned respectfully recommends that Petitioner's IFP application and petition under § 2241 be **DISMISSED** without prejudice for want of prosecution and for failure to comply with the local rules. It is further recommended that this miscellaneous action be closed.

#### *Notice to the Parties*

---

[1] Further, his complaint that the detainer will extend his custody in the BOP is moot because he has been released, so this Court could no longer provide a remedy on that particular matter.

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof.

The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

**DONE** at McALLEN, Texas, this 21st day of November, 2017.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE